# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| DENISE GRAVES,<br>       Petitioner, | Case No. 1:12-cv-711 |
| | Dlott, J. |
| vs. | Bowman, M.J. |
| WARDEN, OHIO<br>REFORMATORY FOR WOMEN,<br>       Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody, has filed a *pro se* petition for writ of habeas corpus challenging her incarceration based on her August 5, 1994 conviction for one count of Murder, in violation of Ohio Revised Code § 2903.02.  (Doc. 1).  Reading the petition in conjunction with petitioner's other filings in this case, petitioner alleges that her boyfriend at the time of the offense, Richard Goodwin, committed the murder for which she was convicted.  (*See* Doc. 13).  This matter is before the Court on respondent's motion to transfer petitioner's habeas petition to the United States Court of Appeals for the Sixth Circuit.  (Doc. 23).

This is not the first federal habeas corpus petition filed by petitioner with this Court challenging her August 5, 1994 conviction.  On November 23, 2009, petitioner raised seven grounds for relief in her first § 2254 petition, including the claim presented in the instant petition. *See Graves v. Warden*, Case No. 1:09-cv-859 (S.D. Ohio February 11, 2011) (Beckwith, J.; Litkovitz, M.J.) (Doc. 31, p. 3).  This Court denied the petition after concluding that the petition was barred by one year statute limitations provided by 28 U.S.C. § 2244(d)(1) and that petitioner's mental illness did not provide grounds for equitable tolling.  *Id.*  (Docs. 31, 34).

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition.  In addition, the court must dismiss a claim presented in a second or successive petition, which the

petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id. See Magwood v. Patterson*, __ U.S. __, 130 S.Ct. 2788, 2796 (2010); *In re Cook,* 215 F.3d 606, 607 (6th Cir. 2000).

In this case, petitioner is attacking the same conviction and sentence challenged in her prior petition. The Court's decision denying the prior petition on the ground that the petition was time-barred constitutes an adjudication on the merits. *See In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000) (holding that dismissal of petition based on unexcused procedural default of claims in state court is considered "on the merits"). In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent habeas application. Therefore, the instant petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b), and this Court lacks jurisdiction to consider it without petitioner's first obtaining authorization from the Sixth Circuit.

When a prisoner has filed a second or successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3).  *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2d Cir. 1996)).

Accordingly, it is hereby recommended that respondent's motion to transfer petitioner's second habeas petition to the Sixth Circuit (Doc. 23) be **GRANTED**.

## IT IS THEREFORE RECOMMENDED THAT:

Respondent's motion to transfer petitioner's habeas petition to Sixth Circuit Court of Appeals (Doc. 23) be **GRANTED**, and the petition for a writ of habeas corpus (Doc. 1) be **TRANSFERRED** pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for consideration whether the district court may review the petition in accordance with 28 U.S.C. § 2244(b).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DENISE GRAVES,  
    Petitioner,

vs.

WARDEN, OHIO  
REFORMATORY FOR WOMEN,  
    Respondent.

Case No. 1:12-cv-711

Dlott, J.  
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).